Filed 6/23/23  P. v. Simpson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080144 |
| v. | (Super.Ct.No. RIF10002518) |
| DARIONNE STEVEN SIMPSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. Affirmed with directions.

Eric Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Melissa Mandel and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant, Darionne Simpson, appeals from a judgment summarily denying his petition for resentencing, made pursuant to Penal Code section 1172.6.  Defendant was convicted in 2011 of two counts of attempted murder (Pen. Code[1], §§ 664, 187, subd. (a), counts 1 and 3), one count of shooting at an occupied vehicle (§ 246, count 2), one count of discharging a firearm in a grossly negligent manner as a lesser included offense of shooting at an occupied vehicle (§ 246.3, count 4), and one count of active participation in a criminal street gang (§ 186.22, subd. (a), count 5), along with true findings that defendant personally discharged a firearm (§ 12022.53, subd. (c)), respecting the first attempted murder count, and that both attempted murder counts were willful, deliberate, and premeditated.

On appeal, defendant claims (1) the court erred in summarily denying his petition for resentencing as to the second attempted murder conviction (count 3) because he was an aider-abettor, and (2) the court erred in summarily denying his request for a *Franklin* hearing (ref. *People v. Franklin* (2016) 63 Cal.4th 261).  We remand the case to allow defendant an opportunity to make a record of youthful offender circumstances but otherwise affirm.

## BACKGROUND

Because the reporter's transcript was destroyed before the hearing on the instant petition, we include the background facts from our prior opinion in the original appeal, *People v. Simpson* (Oct. 23, 2012, E054348 [nonpub. opn.]):

---

[1] Except where otherwise indicated, all statutory references are to the Penal Code.

2

"FACTUAL BACKGROUND

"A.     *Victim M.M.*

"On February 26, 2010, around 7:00 p.m., M.M. was driving his 1987 Camaro in Moreno Valley, when he saw three young Black males in a black Ford Taurus staring at him in a menacing manner.  The vehicle followed M.M. and pulled in front of his vehicle. When both vehicles came to a stop, M.M. saw a "gun come out the back window" and shoot at him multiple times.  M.M. ducked, made a U-turn, and sped away.  A bullet hit the front of M.M.'s vehicle.  M.M. drove home and called the police.

"Riverside County Sheriff's deputies came to M.M.'s house, took a report, and left about 10 minutes later.  Approximately 20 minutes later, deputies came back to M.M.'s home and took him to a location about a mile away for an in-field identification.  M.M. identified the black Taurus as the vehicle from which shots had been fired but was unable to identify defendant as one of the suspects.  Later in the evening, deputies searched the area where the shots were fired and recovered .40-caliber shell casings.

"B.     *Victim M.J.*

"On February 26, 2010, around the same time as the incident in victim M.M.'s case, the front passenger in the same black Taurus shot multiple times at M.J.'s silver vehicle, hitting the driver's side door and window.  Riverside County Sheriff's Deputy Acosta was on patrol in the area and heard four to five shots fired.  Deputy Acosta then saw M.J.'s silver vehicle following the black Taurus at a high rate of speed.

3

"M.J. pulled over, waved at the deputy, and continued to follow the black Taurus. The deputy followed M.J.'s vehicle, and when M.J. came to another stop, the deputy made contact with M.J. M.J. pointed in the direction the black Taurus was travelling, and excitedly said, "'Those guys in that black Ford Taurus just shot at me.'" Deputy Acosta pursued the black Taurus but was unable to catch up with it. Deputy Acosta later located the black Taurus parked in the area but did not find any suspects in the vehicle.

"Riverside County Sheriff's Deputy Pierson was on routine patrol when he received a dispatch call of "shots fired." Deputy Pierson responded to the area the black vehicle was located, and as he approached the area, he saw a "[B]lack male adult walking very briskly." Deputy Pierson detained the suspect, identified as defendant, and noticed that defendant was "breathing heavily." Defendant lied to the deputy about his name.

"Deputy Pierson subsequently searched the area and found a brown sweater and a blue shirt in a nearby yard. A search of defendant's person revealed a shell casing in his pocket.

"After defendant waived his constitutional rights, he admitted to being at the liquor store. He also admitted to being the rear passenger in the black Taurus during the shootings. He claimed the driver of the black Taurus was from a "Crip-affiliated" gang in Los Angeles. Defendant also admitted to taking off his clothes after the shooting. He denied being the shooter and evasively claimed the front passenger was the shooter.

4

"*C.  Gang Evidence*

"A gang expert testified that the Perris Loc gang is a criminal street gang with about 75 to 90 members.  The gang's territory is the southern portion of the City of Perris, and its primary activities are assault with a deadly weapon, robbery, and drug sales.  Members of the gang had committed numerous crimes that showed a pattern of criminal gang activity.

"Defendant had previously admitted that he was a member of the Perris Loc gang.  In addition, defendant had been contacted by law enforcement with members of the gang.  Defendant had multiple tattoos, such as "Front Line" and "Certified Goon," which were affiliated with the Perris Loc gang.  The gang expert concluded that on the date of the incidents, defendant was a member of the Perris Loc criminal street gang." (*People v. Simpson, supra,* E054348, pp. 2-5.)

Defendant appealed from his conviction, which was affirmed on October 23, 2012, in an unpublished opinion, *People v. Simpson, supra,* E054348.  On October 3, 2022, defendant filed a petition for resentencing pursuant to then-section 1170.95 (now § 1172.6).  On October 13, 2022, defendant filed a petition inviting the court to recall his sentence pursuant to section 1172.1.  That same day, the court summarily denied the motion to recall the sentence pursuant to section 1172.1.

On November 4, 2022, the court summarily denied the petition for resentencing pursuant to section 1172.6.  On November 7, 2022, defendant timely appealed the denial of the petition for resentencing under section 1170.95 (1172.6).

5

1.      *Defendant is Ineligible for Resentencing Because His Conviction for Attempted Murder in Count 3 Was Based on Findings of Specific Intent to Kill and Express Malice.*

Defendant makes no challenge relating to his conviction of attempted murder in count 1. As to count 3, he argues the trial court erred in summarily denying his petition for resentencing because he was convicted as an aider and abettor on that count and the instructions to the jury allowed a conviction without any finding of malice aforethought. He also argues that the statement of facts in our 2012 opinion filed in the direct appeal does not demonstrate defendant was the shooter because the shots were fired from the front passenger window and there was no evidence defendant sat in the front seat. We disagree.

We begin by outlining the general principles governing review of summary denials of petitions for resentencing. Effective January 1, 2019, Senate Bill No. 1437 amended the felony-murder rule by adding section 189, subdivision (e). It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

The Legislature also amended the natural and probable consequences doctrine by amending section 188, subdivision (a)(3), which now states that "[m]alice shall not be

imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Effective January 1, 2022, the ameliorative statutory scheme was further amended to clarify that the new procedures applied also to persons convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories. (Sen. Bill No. 775, eff. Jan. 1, 2022; *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

Under section 1172.6, a person convicted of felony murder or murder based on the natural and probable consequences doctrine may petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of these statutory changes. (See *People v. Lewis* (2021) 11 Cal.5th 952, 959-960.)

Effective January 1, 2019, Senate Bill No. 1437 changed certain aspects of felony murder and the natural and probable consequences doctrine by amending sections 188 and 189, as well as by adding section 1170.95, later amended and renumbered as section 1172.6. Those sections provide a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 731.)

In a subsequent amendment that became effective January 1, 2022, Senate Bill No. 775 clarified that the changes brought by Senate Bill No. 1437 also include attempted

murder convictions. (*People v. Porter* (2022) 73 Cal.App.5th 644, 651-652; *People v. Sanchez* (2022) 75 Cal.App.5th 191, 193.)

The amendments to section 188, subdivision (a)(3), prohibit imputing malice based solely on participation in a crime, thereby removing the natural and probable consequences doctrine as a basis to prove an accomplice committed attempted murder. (*Sanchez, supra*, 75 Cal.App.5th at p. 196.) Likewise, the amended provisions of section 189 require proof that "[a] participant in the perpetration or attempted perpetration" of a felony murder—such as robbery, kidnapping, or burglary—was (1) the actual killer; (2) an aider and abettor of the killer with the intent to kill; or (3) a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (§ 189, subds. (a) & (e).)

A person may seek resentencing by filing a section 1172.6 petition. (§ 1172.6, subd. (a)(3).) Upon such filing, the court must "determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) The petitioner is entitled to relief if he alleges, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine," (2) he "accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder," and (3) he "could not presently be convicted of . . . attempted

8

murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The prima facie inquiry is limited. (*People v. Lewis*, supra, 11 Cal.5th at p. 971.) The court must accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 974.) "If the petition and record in the case establish conclusively that the [petitioner] is ineligible for relief, the trial court may dismiss the petition" as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698, 708, *In re Serrano* (1995) 10 Cal.4th 447, 456.)

"'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.' [Citations.]" (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)

Thus, at the prima facie stage, the trial court's inquiry "'is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime).' [Citation.]" (*People v. Pacheco* (2022) 76 Cal.App.5th 118, 125.) "If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief . . . , then the trial court should issue an order to show cause." (*People v.*

9

*Drayton* (2020) 47 Cal.App.5th 965, 980–981 [overruled on a different point in *People v. Lewis, supra,* 11 Cal.5th at p. 963].)

"We independently review a trial court's determination whether a petitioner has made a prima facie showing". (*People v. Patton* (2023) 89 Cal.App.5th 649, 656.) Whether the petitioner has made a prima facie showing of entitlement to relief under section 1172.6 is a "'purely legal conclusion, which we review de novo.' [Citation.]" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

Defendant argues that the instructions to the jury resulted in a conviction lacking in a determination that defendant acted with malice aforethought, requiring an evidentiary hearing. He also emphasizes the fact that from our prior opinion in the direct appeal, it is unclear who was sitting in the front passenger seat, from which the shots at M.J. in count 3 were fired.[2] From this, defendant argues he was convicted as an aider-abettor. Whether the jury considered defendant an aider-abettor or not matters little in this case. The jury expressly found he had an intent to kill and that his conduct in count 3 was further accompanied by a mental state of willfulness, deliberation and premeditation.

It is true that the amended provisions of section 188 direct that malice may not "be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) However, here, defendant's attempted murder conviction was not based on the felony murder doctrine. The section further provides that "to be convicted of murder, a

---

**2** We are precluded from making factual findings in reviewing a petition for resentencing that was summarily denied. For this reason, we do not comment on contradictory information in the trial transcripts or probation report.

10

principal in a crime shall act with malice." (§ 188, subd. (a)(3); see also, *People v. Clements* (2022) 75 Cal.App.5th 276, 290.) Here, defendant's convictions demonstrate the jury found defendant acted with express malice.

"Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Booker* (2011) 51 Cal.4th 141, 177-178; *People v. Mendoza* (1998) 18 Cal.4th 1114, 1123.) "Intent to unlawfully kill and express malice are, in essence, 'one and the same.' [Citation.]" (*People v. Smith* (2005) 37 Cal.4th 733, 739.) In addition, the crime of attempted murder is not divided into degrees, but the prosecution may seek a finding that the attempted murder was willful, deliberate, and premeditated for purposes of sentence enhancement. (*Smith, supra,* 37 Cal.4th at p. 740.) Thus, a conviction for attempted murder requires the specific intent to kill. (*Ibid.*)

The jury was correctly instructed that to find appellant guilty of attempted murder, it had to find he acted with express malice, meaning the intent to kill. The jury instructions given on aider-abettor liability were addressed to direct aiding and abetting, and not on the natural and probable consequences doctrine. Malice, therefore, was not "imputed" to defendant; his conviction reflects his own mental state of express malice. Thus, even though section 1172.6 was amended to permit a petition for resentencing of a conviction for attempted murder, the record of conviction shows appellant was ineligible for resentencing as a matter of law. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545-547.)

The trial court correctly determined defendant had failed to make a prima facie showing he was entitled to relief under section 1172.6.

2. *Defendant is Entitled to a Remand for a Hearing to Preserve Evidence of His Youthful Characteristics for Use in Determining Parole Eligibility.*

In addition to the resentencing petition filed pursuant to sections 1170.95 or 1172.6, defendant also filed a petition seeking recall of his sentence pursuant to section 1172.1. This petition included the assertion that in addition to recall of the sentence, defendant is entitled to an evidence preservation proceeding under *People v. Franklin*, *supra*, for purposes of parole consideration, showing that he was 17 years of age at the time of the offenses. We agree he is entitled to a limited remand to make a record of his youthful characteristics for purposes of parole consideration.

We begin by noting that the People correctly point out that the petition "inviting" the trial court to recall defendant's sentence pursuant to section 1172.1 was properly denied as untimely because a trial court lacks jurisdiction to recall a sentence pursuant to that section where the "invitation" has been made more than 120 days from the date of sentence. (§ 1172.1, subd. (a).)

However, the procedural impediment to seeking a recall of sentence by a youthful offender did not preclude defendant from seeking a hearing to preserve evidence of his youthful characteristics for consideration of the California Board of Parole Hearings. The record establishes that defendant was 17 years and 9 months of age at the time of the

12

commission of the crime: the offense was committed on February 26, 2010, and defendant's date of birth is May 26, 1992.

As to this aspect of defendant's "invitation," filed *in propria persona*, we do not consider the issue forfeited by failing to specifically refer to the denial of this request in defendant's notice of appeal.

A notice of appeal must be liberally construed. (Cal. Rules of Ct., rule 8.304(a)(4).) The policy of liberal construction authorizes reviewing courts to deem another appealable judgment or order part of a timely filed appeal, so long as the other judgment or order was made withing 60 days of the notice of appeal. (See *In re Madison W.* (2006) 141 Cal.App.4th 1447, 1450.)

Given that the order denying defendant's request under *Franklin* was denied the same date as it was filed, it is entirely possible--even probable--that counsel on the section 1170.95 proceeding, who was appointed on November 4, 2022, *after* the denial of defendant's earlier "invitation," was wholly unaware of the other application at the time of the filing of the notice of appeal, filed on November 7, 2022.

The defendant filed two documents within 10 days of each other. The untimely request for or invitation to recall the sentence under section 1172.1, which included the *Franklin* request to preserve evidence, was filed and denied on October 13, 2022. The petition for resentencing had already been filed on October 3, 2022, but counsel was not appointed until November 4, 2022. The notice of appeal, which was filed on November 7, 2022, was filed within 60 days of the orders denying relief on both applications.

13

While defendant was not "entitled" to a recall of his sentence, he was entitled to an opportunity to preserve evidence and information relating to his youthful characteristics. (*In re Cook* (2019) 7 Cal.5th 439, 450.) Under these circumstances, rather than hold that defendant should make another, separate, application for *Franklin*-type relief, we will construe the notice of appeal as encompassing both issues and address the merits.

In cases with final judgments, section 1203.01 gives the trial court authority to conduct an evidence preservation proceeding as envisioned in *Franklin*. (*In re Cook supra,* 7 Cal.5th at p. 452.) That section, augmented by the court's inherent authority to craft necessary procedures under Code of Civil Procedure section 187, authorizes it to preserve evidence as promptly as possible for future use by the Board. (*In re Cook, supra,* at p. 455.) "Transmission of that record to the Department of Corrections and Rehabilitation, in turn, enables the Board to 'discharge its obligation to "give great weight to" youth-related factors [citation] in determining whether the offender is "fit to rejoin society."' [Citation.]" (*In re Cook, supra,* 7 Cal.4th at p. 455.)

By overlooking this aspect of defendant's pro se "invitation" to recall the sentence and to order a proceeding at which defendant could preserve the information pertinent to his youthful characteristics and immaturity, the court erred. We therefore remand the matter to the trial court with directions to conduct such a hearing as required by *Franklin* and its progeny.

**DISPOSITION**

The judgment summarily denying defendant's petition for resentencing pursuant to sections 1170.95 and 1172.6 is affirmed.  The matter is remanded to the superior court to conduct a hearing at which information or evidence relevant to defendant's youthful characteristics may be preserved for consideration by the Board of Parole Hearings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.